PHOENIX INSURANCE COMPANY v. JOHN G. SMITH.

[48 South. 1020.]

1. CHANCERY PLEADINGS AND PRACTICE. *Cross-bill.* *Code* 1906, § 587. *Form and requisites.*

Code 1906, § 587, authorizing a defendant in an equity suit to make his answer a cross-bill, does not require that the part of the pleading constituting the cross-bill shall be separate and distinct from the part constituting the answer, and the repetition of the averments of the answer is unnecessary.

2. INSURANCE. *Contractual limitation on time to sue. Waiver. Suit to cancel policy.* -

A stipulation in an insurance policy requiring suit to be brought within one year after loss may be waived, and the beginning of a. suit in equity by the insurer within the year to cancel the policy as having been fraudulently procured is such a waiver of the stipulation as will allow the maintenance of a cross-bill seeking a recovery on the policy, filed in the case after the expiration of the year.

FROM the chancery court of Tunica county.

HON. PERCY BELL, Chancellor.

The Insurance company, appellant, was complainant in the court below; Smith, appellee, and another were defendants there. From a decree overruling its demurrer to defendant Smith's cross-bill the complainant appealed to the supreme court.

The appellee, Smith, was the owner of a storehouse and stock of goods near the town of Pentecost. The land on which the store was situated was leased by him for a term. Smith applied to the agent of the appellant insurance company, one Dorsey, and secured insurance on the storehouse and stock of goods for the sum of $5,000. The policy covered a period of one year from November 9, 1902, but was not delivered to Smith until about March of 1903. The premium for one year was paid by Smith. The policy described the property as situ-

ated in, not near, the town of Pentecost. In June, 1903, the property insured was destroyed by fire, and in October, 1903, the appellant insurance company began this suit in chancery against Smith and Dorsey for the purpose of having the policy cancelled on the ground that it was obtained by fraud; claiming that Dorsey, the agent, was not permitted by the company to insure property, except in and around the town of Tunica; that it was not the kind of risk that the company had authorized its agent to take; that the title to the land on which the property burned was situated was not in fee simple in the applicant; that Smith did not take an inventory of his goods, as required by the terms of the policy, nor did he keep a record of sales; that, had the true facts been known to the company, the policy would not have been issued; and the prayer of the bill was for its cancellation.

In November, 1903, the defendants answered, denying the allegations of the bill. In his answer Smith denied any knowledge of the limitations placed upon Dorsey, the agent, as to territory, and averred that the policy was taken out in good faith, and that it was error on the part of the agent in not describing the property as being situated near Pentecost, since the agent knew the location of the property. The case was continued from term to term, and in 1907, by leave of the court, Smith amended his answer, making it a cross-bill, praying that the policy be reformed and for a personal decree for the sum due thereon, with interest.

A demurrer was interposed to the cross-bill, assigning that the relief asked for by the cross-bill was not sought within twelve months after the fire, as provided by the terms of the policy, and that the cross-bill did not sufficiently set up the facts.

*J. W. Cutrer,* for appellant.

The amendment made by J. G. Smith to his answer herein, in which he prays that his answer be taken as a cross-bill, does

not make or constitute the said answer a cross-bill of complainant against appellant.

A cross-bill must contain a statement of facts which entitles the party filing it to some relief, and a prayer for relief based on that statement of facts. "The bill must essentially contain: first, a statement showing proper grounds for its use, and, second, a prayer in accordance with its object. The statement must include, in addition to the parties, prayer and objects of the original bill and the rights of the parties to be affected, all facts necessary to justify the relief sought, since a cross-bill must be complete in itself, and cannot rely upon the original bill for such statement; and the matters thus set up must not be such as are equally available by way of answer." , Shipman on Equity Pleading, p. 304.

A cross-bill must be complete in itself. *Ewing v. Patterson,* 35 Ind. 326; *Washington R. Co. v. Bradley,* 10 Wall. 299; *Campbell v. Routt,* 42 Ind. 410; *Cumberland Land Co. v. Canter Lbr. Co.,* 35 S. W. 886; *Traperall v. Burton,* 24 Ark. 371.

In *Balance v. Underhill,* 3 Scam. (Ill.) 453, it is said an answer cannot be deemed a cross-bill because it contains a request that it be so taken. *Purdy v. Hinslee,* 97 Ill. 389; *Parke v. Brown,* 12 Ill. App. 291.

The policy of insurance on which it is sought to recover provided among other things, "no suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

It appears indubitably from the above mentioned amendment and the record herein, that the fire which it is alleged caused the loss mentioned herein, occurred on the 19th day of June, 1903, and that the appellee did not commence any action at law or in equity within twelve months after the alleged fire, and that the appellee is barred of all right, if any he ever had, to maintain an

action by the cross-bill or otherwise because of the alleged issuance of the said policy of insurance, and the happening of the fire mentioned in the pleadings in this cause.

It certainly cannot be argued that any action was commenced making a claim for any amount under this policy by virtue of the fact that appellant filed its original bill herein, and appellee his answer thereto. No decree could have been entered in the court below granting appellee any relief whatsoever, for no affirmative relief can be granted by virtue of an answer alone.

The clause of the policy above referred to is recognized by all courts as a valid and legal limitation on the time within which suit can be brought. That the parties to a contract have the right so to limit the time and bind themselves thereby, see *McFarland v. Railway, etc., Ass'n,* 63 Am. St. Rep. 29; *Ohio & Co. v. Western Assurance Co.,* 65 Miss. 532, 5 South. 102; *Ward v. Penn. Fire Ins. Co.,* 82 Miss. 124, 33 South. 841; *Hunter v. Niagara Falls Ins. Co.,* 3 L. R. A. (N. S.) 1187; *Riddlesborger v. Hartford Fire Ins. Co.,* 74 U. S. 386; S. C. 19 L. Ed. 257; *Steel v. Phoenix Ins. Co.,* 47 Fed. 863; *Paul v. Fidelity & Casualty Co.,* 104 Am. St. Rep. 594; *Thompson v. Phoenix Ins. Co.,* 25 Fed. 296; *Underwriters Agency v. Sutherlin,* 55 Ga. 266; *Carraway v. Merchants Mutual Ins. Co.,* 26 La. Ann. 298; *Fullam v. New York Union Ins. Co.,* 66 A. D. 462; *De Grave v. Metropolitan Ins. Co.,* 61 N. Y. 594; *Farmers Mutual Ins. Co. v. Barr,* 94 Pa. 345; *Vette v. Christian Fire Ins. Co.,* 30 Fed. 668; *Patrick v. Farmers Ins. Co.,* 80 A. D. 197; 19 Cyc. 911.

The fact that a suit was filed by appellant in the chancery court seeking to have the insurance contract cancelled on the ground that it was fraudulently secured, and was otherwise not enforcible, cannot possibly operate to suspend the running of the limitation of one year, within which suit could be filed and a claim so made by appellee for the insurance under said policy. Even if the injunction asked in appellant's bill had been granted

and served, this would not have suspended the attaching of the limitation of one year, unless the statute of the state in which the suit is brought so provides. *Hunter v. Niagara Falls Ins. Co.,* 73 Ohio, 110, 76 N. E. 563; Wood's Limitation of Actions, sec. 243; *Barker v. Millard,* 16 Wend. 572; *Dekay v. Darrah,* 14 N. J. L. 288; *Rice v. Lawan,* 2 Bibb. 149.

*Fontaine & Fontaine* and *May, Flowers & Whitfield,* for appellee.

The relief sought to be secured by the amendment is not concerning a purely legal claim or demand; but if payment of the policy should be a purely legal demand, the court below having taken jurisdiction is entitled to proceed and adjust whatever rights may exist between the parties of whatever kind and though strictly legal. *Felder v. Atkinson,* 78 Miss. 83–85.

And the court below having overruled the demurrer to the cross-bill, this court will not reverse the decree because of any error or mistake as to whether the jurisdiction is of equity or law. *Irion v. Cole,* 78 Miss. 132; *Cazeneuve v. Currel,* 70 Miss. 521; citing sec. 147, Constitution.

The condition contained in the policy for the benefit of the insurer can be waived by it, and the waiver need not be express, it may be inferred from the act of the insurer as evidencing a recognition of liability or even from the denial of obligation for other reasons. *Bonnert v. Penn. Ins. Co.,* 15 Am. St. Rep. 740, 741.

In the bill of complaint in this case filed, the insurer states definitely the reasons for denying liability on policy,—and the insurer waives a cause of forfeiture of policy by failing to mention it when it undertakes to state definitely its reasons for denying liability thereon. *Smith v. German Ins. Co.,* 107 Mich. 270, L. A. R. 368. And it is well settled that a denial on other grounds is a waiver. *McPike v. Ins. Co.,* 61 Miss. 43.

The contractual limitation for suing on the policy is exclusively for the benefit of the insurer, and must be strictly con-

strued against the insurer, and liberally in favor of the insured. *Queens Ins. Co. v. Young,* 11 Am. St. Rep. 55; *Hanson v. Home Ins. Co.,* 38 Atl. 324–328.

And the absolute refusal to pay loss in any event is a waiver of the time within which to bring suit. *California Ins. Co. v. Gracy,* 22 Am. St. Rep. 376.

And waiver will be inferred from slight circumstances. *Graham v. Ins. Co.,* 62 Atl. 681; *Laskey v. Southern Express Co.,* 92 Miss. 268, 45 South. 869; *Bonnert v. Penn. Ins. Co.,* 15 Am. St. Rep. 741; *Howze v. New Orleans, etc., R. Co.,* 45 South. 837.

Argued orally by *J. W. Cutrer,* for appellant, and by *J. N. Flowers,* for appellee.

ALEXANDER,* Special Judge, delivered the opinion of the court.

Under sec. 587, Code 1906, which permits a defendant in a chancery suit "to make his answer a cross-bill" against the complainant or his codefendant, it is not required that the part of the pleading constituting the cross-bill be separate and distinct from the part constituting the answer, and a repetition of averments contained in the answer is not necessary. The answer was evidently drafted without any thought at the time of making it a cross-bill, and, if viewed as a cross-bill, is vague and inartificial, especially in its averments as to the amount of the loss; but it contains sufficient averments to make it good as against a demurrer.

The stipulation in the policy of insurance requiring suit to be brought within one year after the loss is for the benefit of the insurer. It rests solely on contract, and the insurance company may waive the provision or by its conduct estop itself to plead

---

* FLETCHER, J., having been of counsel before his appointment to the bench, recused himself in this case and C. H. ALEXANDER, ESQ., a member of the supreme court bar, was appointed and presided in his place.

the lapse of the period. It certainly needs no citation of authority to sustain a proposition so obvious as that an insurance company, which, after a loss, instead of awaiting an action on the policy or the expiration of the year, files a bill against the insured to·cancel the policy as having been fraudulently procured, or because of noncompliance with various provisions cannot, as against a cross-bill, although filed more than a year after the loss and seeking recovery therefor, be permitted to avail of such stipulation. Although no injunction against bringing suit on the policy is issued, defendant is warranted in assuming that the insurance company, by impleading him in a court of competent jurisdiction in regard to the very matters necessarily involved in an action on the policy, has waived the benefits which, if it had stood solely on the defensive, might have accrued from the limitation.

Affirmed and remanded, with leave to cross-complainant to amend, if so advised.

*Affirmed.*